UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JL AUDIO, INC., | No. 2:16-cv-00377 WBS AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| DIA SAIF, et al., | |
| Defendants. | |

Plaintiff's Motion to Strike, ECF No. 7, came on for hearing on October 25, 2017. Counsel Raffi Vaheh Zerounian appeared for plaintiff JL Audio, Inc. ("JL Audio"). Dia Saif appeared in pro see on behalf of defendants. For the reasons that follow, the motion will be granted.

I. BACKGROUND

Plaintiff JL Audio, a Florida corporation, is suing defendants for trademark infringement and unfair competition regarding the use of the JL Audio Mark.[1] Plaintiff alleges four causes of action: (1) trademark infringement in violation of section 32 of the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"); (2) unfair competition in violation of section 43(a) of the Lanham Act; (3) unfair competition in violation of California Business and

---

[1] Plaintiff collective refers to plaintiff's federally registered and common law trademark rights as the JL Audio Mark. ECF No. 1 at 3 ¶11.

1

Professions Code § 17200, et seq.; and (4) unfair competition under California Common Law. ECF No. 1 at 6-9.

According to the complaint, defendants sell and install audio components and accessories. Plaintiff alleges that defendants have been "selling and offering for sale audio components and accessories" "under the JL Audio Mark, that are not JL Audio products in genuine product packaging" and "JL Audio merchandise with fraudulent barcodes or bogus JL Audio logos" that have had their barcodes "concealed, removed, destroyed, or have otherwise been altered." ECF No. 1 at 4-5 ¶¶18-21. Plaintiff alleges that customers have been misled into believing that defendants are an authorized dealer of JL Audio. Id. at 5 ¶22. Plaintiff contends that as a result of defendants' fraudulent misrepresentation, customers are deceived in believing that they are buying new and genuine JL Audio products from an authorized dealer that entitles them to JL Audio's warranty and customer service. Id. at 5 ¶¶ 25-26. Plaintiff asserts that defendants' actions "constitute a deliberate, intentional, and willful attempt to trade upon [p]laintiff's business reputation and goodwill in the JL Audio Mark." Id. at 6 ¶28. Plaintiff alleges that defendants' infringing use of the JL Audio Mark has caused irreparable harm to plaintiff and the goodwill it owns in the JL Audio Mark, and a loss in sales. Id. at 6 ¶30. Plaintiff seeks injunctive and monetary relief.

## II. PROCEDURAL BACKGROUND

Plaintiff commenced this action on February 19, 2016. ECF No. 1. On April 28, 2016, defendant filed an answer. ECF No. 6. On May 18, 2016, plaintiff filed the pending motion to strike defendants' answer as being deficient pursuant to Fed. R. Civ. P. 8. ECF No. 7. The motion was originally noticed for hearing on June 27, 2016, before Senior Judge William B. Shubb. Id. On June 22, 2016, Judge Shubb referred this case to the undersigned for all further proceedings pursuant to Local Rule 302(c)(21), thereby vacating the motion from his calendar. ECF No. 16. However, due to an administrative error the undersigned was not notified of the pending motion, and plaintiff did not re-notice the motion for hearing before the undersigned. The matter was set for hearing promptly upon inquiry to the court by plaintiff's counsel, over a year after referral.

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure ("Rule") 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  However, motions to strike are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of California, N.A., 290 F.Supp.2d 1101, 1152 (C.D. Cal 2003) (citations omitted).  "A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense." Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).  A motion to strike "is appropriately granted where the defense is clearly legally insufficient, as, for example, when there is clearly no bona fide issue of fact or law." United States v. 729.773 Acres of Land, 531 F. Supp. 967, 971 (D. Haw. 1982) (citations omitted).  When a court considers a motion to strike, "it must view the pleading in a light most favorable to the pleading party." In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

Rule 8 "governs pleading whether by complaint or answer." Barnes, 718 F. Supp. 2d at 1171.  Rule 8 provides a party must "state in short and plain terms its defenses to each claim asserted against it;" and "admit or deny allegations asserted against it by an opposing party." Fed. R. Civ. Proc. 8(b)(1).  Moreover, "[a] denial must fairly respond to the substance of the allegation." Fed. R. Civ. Proc. 8(b)(2).  "A party that intends in good faith to deny all the allegations of a pleading – including the jurisdictional grounds – may do so by a general denial." Fed. R. Civ. Proc. 8(b)(3).

## IV. MOTION TO STRIKE

Plaintiff argues that defendants' answer is insufficient and should be stricken in its entirety for two main reasons:  (1) defendants' general denial is improper for failing to deny in "good faith" certain undisputable facts such as defendants' nature of business and its location; and (2) for failing to provide substantive responses to each and every one of plaintiff's allegations.  ECF No. 7 at 3-4.

Defendants' Answer states in full:

> Defendant Arden Audio denies each and every allegation contained in all 4 counts.
>
> Any product we sell for JL audio in store we buy it from authorized JL audio dealer, with original packaging and with and original JL Audio barcode and we have proof of purchase.
>
> Arden Audio never claim to customers that we are JL audio dealer any product we sell in store we offer one year store warranty.
>
> Arden Audio never uses JL Audio Logo or Mark in store or website claim as a dealer.

ECF No. 6.

Viewing the answer in the light most favorable to the defendants, and considering Mr. Saif's statements at hearing on the motion, the court concludes that defendants intend to deny all allegations of conduct that constitutes trademark infringement and unfair competition. Defendants do not, however, intend to deny plaintiff's jurisdictional allegations, or background facts such as the nature and location of defendants' business. The answer, however, is framed as a general denial that does not reflect those intentions. Moreover, defendants have failed to "state in short and plaint terms its defenses to **each claim** asserted against it. Fed. R. Civ. P. 8(b)(1) (emphasis added). Because the answer does not comply with the requirements of Rule 8, it must be stricken in its entirety. Defendants will be granted leave to amend.

## IV. AMENDING THE ANSWER

In short and plain terms, an answer must admit or deny each of the material allegations raised in the complaint and set forth all affirmative defenses to the claims asserted. Fed. R. Civ. P. 8(b), (c). In drafting an answer, defendants may provide their responses on a paragraph by paragraph basis by referencing the numbered paragraphs of the complaint with admissions, denials, or some combination. In the alternative, defendants may "generally deny" all the allegations in the complaint "except those specifically admitted." Fed. R. Civ. P 8(b)(3).

In addition to admission and denials, the answer must "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Also, the amended answer must not refer to a prior pleading in order to make defendants' amended answer complete. An amended answer

////

must be complete in itself without reference to any prior pleading. E.D. Cal. R. ("Local Rule") 220.

## V. PLAIN LANGUAGE SUMMARY TO PRO SE DEFENDANT

Your answer is being stricken and you are being given an opportunity to submit an amended answer within 30 days. The amended answer should clearly admit or deny each of the numbered allegations contained in the complaint. An amended answer should briefly provide the necessary information, following the directions above.

## VI. CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike (ECF No. 7) is GRANTED;
2. Defendants may file an amended answer within 30 days from the date of this order. The amended answer must comply with the instructions given above.

DATED: October 30, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE